

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50174 | **DATE** | 4/19/2001 |
| **CASE TITLE** | RIVERA vs. JOHN FRIDH & SONS CONSTRUCTION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, Fridh's motion for summary judgment is granted. Its motion to strike is granted in part and denied in part. This cause is hereby dismissed in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | APR 20 2001 | 18 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | 2001 APR 19 PM 4:21 | 4-19-01 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

**DOCKETED**
APR 2 0 2001

Richard Rivera

v.

John Fridh & Sons Construction, Inc.

**JUDGMENT IN A CIVIL CASE**

Case Number: 99 C 50174

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Fridh's motion for summary judgment is granted. Its motion to strike is granted in part and denied in part. This cause is hereby dismissed in its entirety.

FILED-WD
2001 APR 19 PM 4:21
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

*Susan Wessman* (signature)

Date: 4/19/2001

Susan Wessman, Deputy Clerk

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

RICHARD RIVERA,              )
                             )
         Plaintiff,          )   No. 99 C 50174
                             )
     v.                      )
                             )
JOHN FRIDH & SONS            )
CONSTRUCTION, INC.           )
                             )
         Defendant.          )

DOCKETED
APR 2 0 2001

MEMORANDUM OPINION AND ORDER

### Introduction

On May 26, 1999, plaintiff Richard Rivera filed a one-count complaint against his former employer, John Fridh & Sons Construction, Inc. ("Fridh"), alleging Fridh violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. This court has jurisdiction over Rivera's claim pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Venue is proper as the alleged events occurred in this district and division. See 28 U.S.C. § 1391(b). Fridh has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56 and a motion to strike pursuant to Fed.R.Civ.P. 12(f).

### Facts

Fridh is primarily engaged in the business of commercial and industrial construction. (LR56.1(a) ¶ 4) Rivera[1] worked for

---

[1] Rivera is Mexican-American; he and his mother were born in Illinois and his father was born in Mexico. (Rivera dep., pp. 6-7)

Fridh on a fairly continuous basis for twenty years, from 1978 through 1998. (Id. ¶ 8) In November 1997, Rivera injured his knee and had surgery in June 1998. (Id. ¶¶ 10-11) He attempted to return to work in September 1998 and worked half days for one week for Fridh, but experienced knee problems. (Id. ¶¶ 13, 15) His doctor did not release him to return to work until December 1998. (Id. ¶ 12) At that time, Rivera provided Fridh with his doctor's release, but he was not re-hired. Fridh's stated reason for not re-hiring Rivera was that it did not have any vacant positions. (Id. ¶ 23)

Rivera states he was not re-hired because of his race, color, and national origin (Mexican). Rivera's belief is based in part on an event which occurred when he returned to work for Fridh in September 1998. Rivera claims that when he showed up at a job site, Fridh's Vice President, Bob Behling, told Rivera's supervisor, Don Walker, "we don't need him here" and to send him home. (LR56.1(a) ¶ 16, Pl. Resp.; Walker Aff., ¶ 3)

As additional evidence of discrimination, Rivera states on one occasion his supervisor, Rick Kluver, stated he could hire any Mexican for $5.00 per hour. (LR56.1(b) ¶ 24) Rivera also states he was always given the "grunt jobs" at job sites, was laid off while Caucasian employees with less seniority were not, was not invited to company social functions while all other co-workers were, and was not given a company hat while all other co-

workers received one. (Id. ¶¶ 24, 29, 32) During his last five years at Fridh, the company did not hire another Mexican or African-American employee. (Id. ¶ 36)[2]

## Analysis

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Bekker v. Humana Health Plan, Inc., 229 F.3d 662, 669 (7th Cir. 2000), cert. denied, ___ S. Ct. ___, 2001 WL 167439 (U.S. Apr. 16, 2001). A genuine issue of fact exists only when a reasonable jury could find for the nonmoving party based on the record as a whole. Bekker, 229 F.3d at 669. The court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 120 S. Ct. 2097, 2110 (2000); EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 436 (7th Cir. 2000). Because the primary purpose of summary judgment is to isolate and

---

[2] Fridh disputes this, and claims Rivera lacks personal knowledge as to whether the company has hired Mexican or Mexican-American employees. Neither side has supplied any documentation to support this fact; rather, each side has merely proffered an unsupported belief. For purposes of this motion, the court accepts Rivera's claim that no such individuals have been hired.

3

dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, pointing to specific facts showing there is a genuine issue for trial. Oest v. Illinois Dep't of Corr., 240 F.3d 605, 610 (7th Cir. 2001). A complete failure of proof concerning an essential element of a case necessarily renders all other facts immaterial. Id.

Title VII makes it unlawful for an employer to discharge or otherwise discriminate against any individual with respect to his terms, conditions, or privileges of employment because of such individual's national origin. 42 U.S.C. § 2000e-2(a)(1); Contreras v. Suncast Corp., 237 F.3d 756, 759 (7th Cir. 2001).[3] A plaintiff may meet his burden of proof under Title VII by offering either direct proof of discriminatory intent or by proving disparate treatment through the indirect, *McDonnell Douglas* burden-shifting method. Id. In this case, Rivera offers no direct evidence of discrimination and instead, proceeds under the *McDonnell Douglas* test.

Under this approach, Rivera must raise an inference of discrimination by establishing a prima facie case of discrimination. Id. If he meets this burden, Fridh must then come forward with a legitimate, nondiscriminatory reason for the

---

[3] Rivera also asserts race and color discrimination; the analysis is the same.

4

employment action. At this stage, Fridh need not prove that it was actually motivated by the proffered reason. Id. at 760. Rather, it need only produce admissible evidence which would allow a reasonable factfinder to conclude that its decision had not been motivated by discriminatory animus. Id. Once an employer satisfies this burden, the plaintiff must prove by a preponderance of the evidence that the reason offered by the employer is merely a pretext for discrimination. Id.

Here, to establish a prima facie case, Rivera must show: (1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) Fridh treated similarly situated employees outside his protected class more favorably. Id. at 759. Fridh does not contest the first and second factors.

Fridh argues Rivera did not establish the third element, in that he did not suffer an adverse employment action. According to Fridh, Rivera's physical condition prevented him from returning to work. In so arguing, Fridh appears to be centering on some confusion regarding when Rivera was released to return to work. In his underlying discrimination charge, Rivera stated he was laid off/discharged on September 22, 1998. (Def. Exh. 1) Yet, Rivera also admits he attempted to return to work in September 1998 but was physically unable to do so, and his doctor took him off work until December 1998. (LR56.1(a) ¶ 15)

Nevertheless, it is undisputed Rivera was released to return to work in December 1998, provided a copy of the release to Fridh, and was not rehired. It is obvious Fridh's failure to rehire Rivera after he received a release from his doctor forms the basis of his discrimination charge, and is an adverse employment action within the meaning of Title VII.

Rivera has also satisfied the fourth element, despite Fridh's argument to the contrary. Rivera states Tom Raney, a Caucasian male, was injured on the job, took time off, and was allowed to return to work and continues to work at Fridh. (Raney Aff., ¶¶ 1-6) The court finds this is sufficient to satisfy the fourth element.

Fridh has articulated a legitimate, nondiscriminatory reason for not rehiring Rivera, thus satisfying its burden. Fridh states that when Rivera was released to return to work in December 1998, it did not have any vacant positions. (LR56.1(a) ¶ 23) Rivera generally states that other Caucasian males were hired at Fridh after September 28, 1998. (LR56.1(b) ¶¶ 34-35) This does not help him, however. The relevant time period is December 1998, and Rivera has produced no evidence to show the company hired a non-protected person at or near the time he presented the doctor's release to the company and asked to be rehired in December 1998.

Rivera claims no other employee was required to present a doctor's release before being allowed to return to work. (LR56.1(b) ¶ 33) This is irrelevant because Rivera complied with the request. Moreover, Raney, the person to whom Rivera compares himself, was not allowed to come back to Fridh until after he told the company he was released to return to work. (Raney Aff., ¶ 4) Rivera admits he was not able to return to work, after attempting to in September 1998, until December 1998. Thus, the issue is whether the company had vacant positions for which Rivera was qualified when his doctor released him in December 1998.

Rivera also claims he was treated differently when he worked at Fridh. Specifically, Rivera states he was always given the "grunt" jobs, he was always the first (and sometimes only) laborer to be laid off, he was not invited to company social events, and he did not receive a company hat on one occasion. The court finds this is not the type of circumstantial evidence from which a reasonable factfinder could conclude the company's stated reason for not rehiring Rivera is pretextual. This type of behavior occurred every year according to Rivera, yet, with the exception of 1998, Rivera had always been rehired. (LR56.1(b) ¶ 26) In fact, in 1997, Rivera worked more hours than any other laborer. (LR56.1(a) ¶ 17)

7

Rivera also relies on a statement Rick Kluver, a foreman, apparently made. According to Rivera, Kluver stated "he could hire any Mexican for $5 per hour." (LR56.1(b) ¶ 24) Rivera's knowledge, however, is based on hearsay because he did not hear Kluver say this. The court does not consider hearsay statements that are otherwise inadmissible at trial at the summary judgment stage. Hong v. Children's Mem'l Hosp., 993 F.2d 1257, 1265 (7th Cir. 1993), cert. denied, 511 U.S. 1005 (1994).[4] Even if the court were to consider the remark, Rivera has produced no evidence of a connection between Kluver and the decision not to rehire Rivera. Absent such a connection, Kluver's statement fails to show discrimination. See Gorence v. Eagle Food Ctrs., Inc., 242 F.3d 759, 762 (7th Cir. 2001).

Rivera also states that when he showed up at a job site to work in September 1998, Fridh's Vice President, Bob Behling, told Rivera's supervisor to send Rivera home because they did not need him. (Walker Aff., ¶ 3) It is difficult to see how this comment reflects discriminatory animus, even construing all facts in Rivera's favor.

Rivera has raised a litany of complaints about his employment at Fridh but when viewed as a whole, the entire hodge

---

[4] For this reason, the court grants Fridh's motion to strike with respect to paragraph 4 of Rivera's affidavit. Fridh's remaining arguments go to the weight to be accorded Rivera's statements, not their admissibility.

podge does not meet his burden of proof. See Gorence, 242 F.3d at 762-63 (an amorphous litany of complaints about a myriad of workplace decisions does not necessarily meet a plaintiff's burden of proof; "zero plus zero is zero"). For example, Rivera claims a Caucasian male earned $0.75 per hour more than he did, yet the record is devoid as to his duties, experience, or other information. Without such information, the comparison is not evidence of discrimination. See id. at 764. In short, Rivera has not produced evidence from which a reasonable factfinder could conclude that Fridh's articulated reason as to why it did not rehire Rivera is pretextual.

Rivera also asserts a hostile work environment claim. (Resp., p. 3) The court finds he has not produced evidence from which a reasonable factfinder could conclude he was subjected to harassment so severe and pervasive so as to alter the conditions of his employment and create a hostile or abusive work environment. See Mason v. Southern Ill. Univ., 233 F.3d 1036, 1043 (7th Cir. 2000); McPhaul v. Board of Comm'rs, 226 F.3d 558, 566 (7th Cir. 2000), cert. denied, 121 S. Ct. 1358 (2001).

9

## Conclusion

Fridh's motion for summary judgment is granted. Its motion to strike is granted in part and denied in part. This cause is hereby dismissed in its entirety.

E N T E R:

*[signature]*

PHILIP G. REINHARD, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 19, 2001

10